Alex R. Straus
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP**
280 S. Beverly Drive, Ste. PH
Beverly Hills, CA 90212
T: 917-471-1894
astraus@milberg.com

*Attorneys for Plaintiffs and Putative Classes*
*Other Counsel on Signature Page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REBECCA HIRSCH, PRASANNA RAMAKRISHNAN, AMANDA CARLTON, and MICHELE O'DELL,** individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BHS HOME APPLIANCES CORPORATION d/b/a BOSCH,**<br><br>Defendant. | Case No.: _____<br><br>**Jury Trial Demanded**<br><br>**CLASS ACTION COMPLAINT** |

1

## CLASS ACTION COMPLAINT

Plaintiffs Rebecca Hirsch, Prasanna Ramakrishnan, Amanda Carlton, and Michele O'Dell ("Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all others similarly situated, bring this Class Action Complaint against BHS Home Appliances Corporation d/b/a Bosch ("Defendant" or "Bosch") and in support allege, based upon personal knowledge and belief as to their own acts and based on the investigation to date of their counsel, as follows:

## NATURE OF ACTION

1. Bosch is one of the largest technology companies in the world. It designs, manufactures and sells of a variety of products, including premium-priced kitchen appliances such as microwaves and ovens.

2. Bosch's kitchen appliance portfolio includes multiple types of microwaves and ovens, including the Bosch 800 Series stainless steel microwave/oven combinations, which are the subject of this action. Over the course of several decades, Bosch has gained the trust of consumers, who reasonably believe that Bosch products are made with quality materials, and that the Bosch products can be used safely, as intended. The Bosch 800 Series is intended by Bosch to be installed within the walls of the kitchen.

3. During the class period Bosch offered Series 800 wall ovens that contain a microwave on top of a convection oven below, which include (but are not limited to) product numbers HBL8743UC, HBL8751UC, HBL8753UC, and HBL87M53UC (hereinafter, collectively, the "Microwave/Ovens" or the "Products"). All of the Series 800 Microwave/Ovens are designed, manufactured, and sold with the same or substantially similar control panels.

CLASS ACTION COMPLAINT

4.      The cost of the Microwave/Ovens is more than $2,000.00.[1]

5.      The Microwave/Ovens all contain a defect, described in more detail *supra*, that makes them  unsuitable for their intended use.  More specifically, the Microwave/Ovens are defectively designed and/or manufactured such that, under normal and intended use, the display on control panels ("Control Panel") dims or fades to the point where it becomes unreadable, as further described herein.

6.      The Control Panel is essentially the steering wheel of the Microwave/Ovens, which cannot operate properly or safely without the Control Panel. Thus, the dimming or failure of the Control Panel renders the Microwave/Ovens unusable, as it eliminates vital features, such as the temperature display, cooking modes (i.e. broil, bake, roast or warm), clock, and timer, which allow consumers to monitor and control the Microwave/Ovens.

7.      Bosch has undertaken a deliberate and willful pattern of conduct (including taking active measures) aimed at concealing the defect from its  consumers, including Plaintiffs and Class Members.

8.      At all relevant times, Bosch knew or should have known about the defect but nevertheless marketed, advertised, and sold the Microwave/Ovens without warning consumers that the Control Panel would dim or fade to the point where it would become unreadable and unusable.

9.      Bosch fails to disclose the known Defect or to provide consumers with a non-defective replacement.  Indeed, rather than providing consumers with new, non-defective Microwave/Ovens after their units failed as a result of the Defect, Bosch either replaces each defective unit with another defective unit, provides a new, similarly defective Control Panel that fails to remedy the problem, or improperly denies the warranty claim.

---

[1] https://www.bosch-home.com/us/Microwave/Ovenslist/cooking-baking/wall-ovens/combination-ovens?pageNumber=1 (last visited Jan. 22, 2021).

CLASS ACTION COMPLAINT

10.     The replacement Microwave/Ovens and replacement of the Control Panel also fail, or are likely to fail in the same manner, leaving consumers with units that do not function as intended.

11.     Some consumers have had their display panels replaced, only to have the exact same issue recur.  Those whose Control Panels were out of warranty, have faced costs of $400 or more for repair or replacement.

12.     As a direct and proximate result of Bosch's concealment of the defect, its failure to warn customers about the Defect before their purchase, and its failure to recall the Microwave/Ovens or remedy the Defect, Plaintiffs and other similarly situated customers ("Class" or "Class Members") purchased and used Bosch's defective Microwave/Ovens when they otherwise would not have made such purchases on the same terms or at all, or would not have paid as much for the defective units.

13.     Plaintiffs' and putative Class Members' Control Panels have failed (or are likely to fail) as a result of the Defect when Plaintiffs and Class Members use the Microwave/Ovens as intended, resulting in damaged units which are unusable because the faded Control Panel makes it impossible to use the product safely or as intended.

14.     Plaintiffs and all putative Class Members' Microwave/Ovens contain the same Defect at the point of sale and Bosch's Microwave/Ovens cannot be used for their intended purpose of safely and properly preparing meals at home.

## **PARTIES**

15.     Plaintiff Rebecca Hirsch is a resident and citizen of San Ramon, California. Plaintiff owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel Defect.

16.     Plaintiff Prasanna Ramakrishnan is a resident and citizen of Lake Zurich, Illinois. Plaintiff owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel defect.

CLASS ACTION COMPLAINT

17.     Plaintiff Amanda Carlton is a resident and citizen of Monument, Colorado. Plaintiff owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel defect.

18.     Plaintiff Michele O'Dell is a resident and citizen of Cocoa Beach, Florida. Plaintiff owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel defect.

19.     Defendant BHS Home Appliances Corporation is a Delaware corporation with its principal place of business and headquarters located in Irvine, Orange County, California. Upon information and belief, Defendant's California headquarters are where substantial misconduct occurred, as well as where misrepresentations and omissions were made.

20.     Bosch distributes and markets and directs the marketing of the kitchen appliances, including the aforementioned Microwave/Ovens, in California, Illinois, Colorado, Florida and throughout the United States.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because: (1) there are one hundred or more (named and unnamed) Class Members, (2) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (3) there is minimal diversity because Plaintiffs and Defendant are citizens of different States.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

22.     This Court may exercise personal jurisdiction over Defendant because Defendant does substantial business in this State and within this District, receives substantial compensation and profits from the marketing, distribution, and sales of

products in this District, and has engaged in the unlawful practices described in this Complaint in this District.

23.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

### The Microwave/Ovens

24.     Combination Units are ubiquitous in American kitchens, as they create the convenience of "an all-in-one cooking center."[2] Consumers rely upon manufacturers, including Bosch, to ensure that the units are safe, efficient, and function as intended.

25.     Bosch was founded in Stuttgart, Germany in 1886, and by 1929 had more than 10,000 employees and operated worldwide in the motor vehicle and industrial technology.[3]  Following the Great Depression, Bosch sought to explore new business areas, including "affordable electric home appliances, which had previously only been found in large households and commercial operations."[4] Today, Bosch advertises its products as being "[b]y your side – today, tomorrow, and beyond. Our home appliances. We can't simply cancel your daily routines for you. But we can shorten them for you. **With our home appliances, we represent uncompromising quality, technical perfection, and absolute reliability**. Yesterday, today, and in [the] future."[5]

---

[2] https://www.bosch-home.com/us/productslist/cooking-baking/wall-ovens/combination-ovens/HBL87M53UC (last visited Jan. 22, 2021)

[3] https://www.bosch-home.com/us/experience-bosch/history (last accessed on Dec. 30, 2020).

[4] *Id.*

[5] *Id.*

26.     Each of the appliances Bosch makes, including the Microwave/Ovens in question, are branded with the "Bosch" logo or, upon information and belief, can otherwise be readily identified as being a Bosch product.[6]

27.     Each of the Bosch-branded Microwave/Ovens contains a Defect that prevents proper use of the Product due to the inability to use the vital Control Panel. More specifically, lighting that illuminates the Control Panel fades over time and renders the Product unusable.  This obstruction or disturbance prevents consumers from being able to use the Product.

28.     The interface for the Microwave/Ovens is digital; there are no knobs with markings for temperature, and there is no non-digital display for the clock/timer/cook settings/temperature settings.  Consumers use the Microwave/Ovens primarily through inputs to the Control Panel, and those inputs are reflected in the digital display that forms part of the Control Panel. The Control Panel and the display are critical to the use and safety of the Microwave/Ovens, which is why Bosch, and every other manufacturer of microwave/ovens, uses a display that tells consumers what the microwave/oven is doing at any given time. Cooking requires entering a temperature using the Control Panel. The Microwave/Ovens contain numerous cooking modes that must be entered using the Control Panel, including bake, broil, warm, roast, Sabbath, proof dough, and "fast preheat". A proper functioning Control Panel is further vital as the timer function, the clock function, and the selection of the top or bottom unit for cooking must be made through the Control Panel.  The Bosch Series 800 Control Panel for the combination microwave/oven is presented as follows in the Use and Care Manual:

---

[6] https://www.bosch-home.com/us/productslist/cooking-baking/wall-ovens/combination-ovens?f_brand_value_class_ma=brand_value_class_bvc_800s.

CLASS ACTION COMPLAINT

800 Series Double Oven Control Panel

The Series 800 single oven Control Panel contains no upper/lower oven buttons but is otherwise the same.

29.    Without a functioning display, the Microwave/Ovens become useless and/or dangerous. Operating the Microwave/Ovens without being able to see the temperature, or the cooking time or mode undermines a consumer's ability to use the products to properly cook food, and is unsafe. Cooking using the Microwave/Ovens without a working display is akin to driving a car without a speedometer or other gauges that tell the driver critically important information.

## **The Defect**

30.    The Control Panels were designed and manufactured with a vacuum fluorescent display (VFD). Liquid crystal displays have almost entirely replaced VFD's in household appliances as they are more reliable and easier to use from an electrical standpoint.

31.    The VFD utilizes filaments to conduct electrical current that cause the display characters to glow, showing time, temperature, and other indicators in the Control Panels.

CLASS ACTION COMPLAINT

32.     The voltage for the display is generated by part of the power supply circuit. That voltage energizes the display filaments. The resulting filament current causes the display to illuminate and become visible.

33.     Industry standards applicable to this type of lighting and display system dictate that the current (in Amperes) should be controlled, but not the voltage. Decreased display life can be expected if the filament current is not properly regulated.

34.     However, the Control Panels contain a defect in that the display system wherein the voltage, rather than the current is controlled. This causes the display of the Control Panels to burn out in an accelerated manner, leading to the display fading beyond any use ("the Defect").

35.     Following years of complaints regarding Control Panel display fade, Bosch remedied the Defect by removing the vacuum fluorescent display and replacing it with a liquid crystal display.

36.      This alternative, feasible design has been available for decades; however, Bosch chose to design and manufacture the Control Panels with outdated and defective technology.

37.     The Defect renders the Microwave/Ovens unfit for the ordinary purpose for which they are used, which is to safely and properly heat food.

38.     As a result of the Defect, the Microwave/Ovens pose an unreasonable risk of harm to consumers and their property and are subject to premature failure.

39.     Had Plaintiffs, Class Members, and the consuming public known that the Microwave/Ovens were defective, posed an unreasonable risk of harm to themselves and their property, and would cause damage, they would not have purchased the Microwave/Ovens at all, or on the same terms or for the same price.

40.     Bosch expressly and impliedly warrants, via user manuals, advertisements, pamphlets, brochures, circulars, samples, and/or models, that the Microwave/Ovens are fit for the ordinary purpose for which they are sold.

CLASS ACTION COMPLAINT

41.    Bosch expressly warrants in its Use and Care Manuals that the Microwave/Ovens are free from defect for one year.[7]

42.    Bosch's manifest intent that its warranties apply to Plaintiffs and consumer Class Members as third-party beneficiaries, is evident from the statements contained in its product literature, including its Limited Product Warranty, which specifically states the Microwave/Ovens are to be used "*[f]or your normal, household (non-commercial) use, and has in fact at all times only been used for normal household purposes.*" Likewise, it was reasonably foreseeable that Plaintiffs and consumer Class Members would be the intended beneficiary of the products and warranties.

43.    It is generally recognized that modern microwaves should last between 9-12 years, and certainly longer than one year.[8] A wall oven can last even longer, up to 16 years.[9]

44.    Bosch's Limited Product Warranty further provides:

> BSH warrants that the Product is free from defect in materials and workmanship for a period of 365 days from the date of purchase. The foregoing timeline begins to run upon the date of purchase, and shall not be stalled, tolled, extended, or suspended, for any reason whatsoever.

> Repair/Replace as Your Exclusive Remedy

> During this warranty period, BSH or one of its authorized service providers will repair your Product without charge to you (subject to certain limitations stated herein) if your Product proves to have been manufactured with a defect in materials or workmanship. If reasonable attempts to repair the Product have been made without success, then BSH

---

[7]Statement of Limited Product Warranty, at https://media3.bosch-home.com/Documents/8001137484_A.pdf (pg. 34).

[8] https://www.consumerreports.org/cro/news/2009/03/by-the-numbers-how-long-will-your-appliances-last-it-depends/index.htm; https://brightnest.com/posts/6-signs-you-need-to-dump-your-microwave; https://www.thekitchn.com/6-signs-its-time-to-replace-your-microwave-228769; https://www.hunker.com/12003628/what-is-the-average-lifetime-of-microwave-ovens (last accessed September 27, 2019).

[9] https://www.mrappliance.com/blog/2020/august/how-long-do-ovens-last-/

will replace your Product (upgraded models may be available to you, in BSH's sole discretion, for an additional charge). All removed parts and components shall become the property of BSH at its sole option. All replaced and/or repaired parts shall assume the identity of the original part for purposes of this warranty and this warranty shall not be extended with respect to such parts. BSH's sole liability and responsibility hereunder is to repair manufacturer- defective Product only, using a BSH-authorized service provider during normal business hours.

45.    The Warranty fails of its essential purpose for the following reasons:

(a)    Bosch fails to disclose its knowledge of the Defect when contacted by customers about Product failures;

(b)    Bosch consistently replaces the Control Panel with another defective Control Panel and without remedying the actual Defect or replacing the Product with a non-defective Product, and without extending the length of the Warranty; and

(c)    Microwave/Ovens that are replaced under the terms of the Warranty are also replaced with defective Microwave/Ovens.

46.    As described herein, Bosch breached the Product warranty at the time it shipped the Microwave/Ovens (and at the point of sale to consumers) because the Microwave/Ovens were defective when they came off of the assembly line. The Defect causes the display to dim prematurely and eventually to completely and permanently darken, making consumers unable to properly or safely use the Microwave/Ovens. Thus, at the time the Microwave/Ovens were shipped and sold to consumers, Bosch was in violation of the express warranty.

47.    Further, because Bosch does not have non-defective Microwave/Ovens available to replace the defective Microwave/Ovens, and because its repairs are simply a band-aid that do not resolve the defect, it is unable to fulfill its warranty obligations at the point of purchase, or anytime thereafter, and the warranty is therefore breached immediately upon purchase.

CLASS ACTION COMPLAINT

48.    In addition, the Warranty is unconscionable as follows:

(a)    In its limitation to the first owner without transferability;

(b)    In the one-year time limitation when the latent defect often does not manifest until after the expiration of the limitation;

(c)    In the failure and refusal to extend the time limitation at the time a replacement part is installed;

(d)    In its attempt to restrict tolling of the one-year time limitation;

(e)    In its attempt to confiscate and spoliate evidence by purportedly reserving the right to retain all removed components and parts during a repair;

(f)    In its disclaimer of warranties; and

(g)    In its limitation of remedies, including disclaimer of consequential damages.

49.    The Warranty is also unconscionable given Bosch's knowledge of the Defect, the existence of the defect at the point of sale, Bosch's failure to disclose the Defect at the time of sale and during warranty communications, and in the premature failure of the Product's Control Panels.

50.    Any limitations on the warranty are also procedurally unconscionable. There was unequal bargaining power between Bosch, on the one hand, and the Plaintiffs and Class Members, on the other.

51.    Any limitations on the warranty are also substantively unconscionable. Bosch knew the Microwave/Ovens were defective and would continue to fail prematurely after the warranties expired. The Microwave/Ovens also pose a safety risk to consumers because the defect, an inability to use the Control Panel, effectively could lead to consumers overheating food to a dangerous degree. Bosch failed to disclose the Defect to Plaintiffs and Class Members. And, when consumers would complain to Bosch about the Defect, Bosch actively concealed the existence of the Defect and

prevented consumers from discovering it.  Thus, Bosch's enforcement of the durational limitations on these warranties is harsh and shocks the conscience.

52.    Bosch has actively concealed the existence and nature of the Defect from Class Members, despite its knowledge of the existence and pervasiveness of the Defect, and certainly well before Plaintiffs and Class Members purchased the Microwave/Ovens and during warranty communications.  Specifically, Bosch has:

(a) Failed to disclose the Defect to consumers, at or after the time of purchase, including when consumers make warranty claims or otherwise complain to Bosch about the Defect;

(b) Actively concealed the Defect from consumers, at or after the time of purchase, including when consumers make warranty claims, or otherwise complain to Bosch about the Defect;

(c) Failed to disclose, and actively concealed the Defect from consumers, including that the Microwave/Ovens, specifically the Control Panel, were not fit for their intended purpose;

(d) Failed to disclose and actively concealed the defect from consumers when it improperly and unlawfully denied valid warranty claims;

(e) Failed to disclose and actively concealed the Defect from consumers when it provided them with replacement Control Panels that contained the same or similar safety Defect; and

(f) Failed to disclose and actively concealed the defect from consumers when it provided them with replacement Control Panels, without remedying the actual defect, and when it knew the Product could fail again.

53.    As a direct, proximate, and foreseeable result of the Defect, Plaintiffs and Class Members suffered damages, including but not limited to: (a) the difference in value of the Microwave/Ovens as purchased and the Microwave/Ovens received; (b) loss of use of the Microwave/Ovens; (c) costs to repair or replace the units, including labor and parts; and (d) consequential damage.

54.    Plaintiffs and Class Members were in privity with Bosch because Bosch makes direct representations to consumers, who are the ultimate purchasers, about the

CLASS ACTION COMPLAINT

qualities and attributes of the Microwave/Ovens – including the aforementioned advertising on Bosch's website about the quality of their products. Supra, at Para. 21. Anyone who installs the Microwave/Ovens in their home must make specific accommodations in their kitchen to fit the Product into their kitchen, including specialty cabinetry designed for Microwave/Ovens.

55.    Further, Bosch, through its authorized dealers, issued warranties to Plaintiffs and Class Members as part of the sale of the Microwave/Ovens.   For consumers with warranty claims, in its user manual, Bosch represents that either Bosch or one of its authorized service provides will perform the repairs; otherwise, the warranty is null and void.[10] Thus, the warranty was designed for and intended to benefit only the consumer—here, the Class Members.

56.    In addition, when consumers register their Microwave/Ovens with Bosch, the company directs consumers to contact Bosch directly in the event of any issues with their Product and also promises consumers that Bosch will directly contact them if Bosch discovers any issues with the Product.  In particular, in the warranty registration, Bosch represents the many "Benefits of registering your Bosch products," including that "[c]ustomer service is fast and efficient if we have all the information in our records," **"[i]n the unlikely event of a recall or safety notice, we'll be able to contact you,"** and **"[i]n the event of a loss due to fire, flood or theft, your registration may serve as proof of purchase for your insurance carrier**."

57.    In any event, privity is not required here because Plaintiffs and each Class Member were (and are) intended third-party beneficiaries of the Microwave/Ovens. The retailers were not intended to be the ultimate consumers of the Microwave/Ovens and have no rights under the warranty agreements provided with the Microwave/Ovens to Class Members.

---

[10] https://media3.bosch-home.com/Documents/8001137484_A.pdf (last accessed Dec. 30, 2020).

# PLAINTIFFS' FACTS

**Plaintiff Hirsch's Facts**

58.    In or about 2015, Ms. Hirsch began shopping for a new, reliable Microwave/Oven that would be long lasting and not require many repairs. In anticipation of purchasing a new Microwave/Oven, Ms. Hirsch performed research, reviewed models at the appliance store, reviewed the manuals, and representations made by Bosch.

59.    In selecting her Microwave/Oven, Ms. Hirsch further relied on Bosch's representations in its written materials related to the Microwave/Ovens' quality and reliability.  She did not expect that the Control Panel would cease to work and render the Product useless.

60.    Ms. Hirsch purchased her Bosch 800 Series Microwave/Oven from a home appliance store in November of 2015 for just over $5,400.00.  Ms. Hirsch paid this amount for her Microwave/Oven because she believed it to be a high-end microwave/oven compared to other brands and models. In fact, she had her cabinetry built around the Microwave/Oven.

61.    Ms. Hirsch purchased her Microwave/Oven for normal, household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

62.    The Microwave/Oven was installed in her home shortly after her purchase.  Once the Microwave/Oven was installed in Ms. Hirsch's kitchen, she began to regularly use it. From the time of purchase until the incident described below, Ms. Hirsch used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

63.    On or around September of 2019, Ms. Hirsch's Microwave/Oven display had faded to the point it was no longer readable, or acceptable for use. Specifically, Ms. Hirsch was no longer able to read the clock, timer, power level, mode, or temperature.

64.    Consequently, Ms. Hirsch performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

65.    In September of 2019, Ms. Hirsch emailed Bosch and put them on notice of the problems she experienced with her Microwave/Oven.  Her email specifically stated:

> I am having the same issue as it appears hundreds of other people are having, that the display is getting dimmer and dimmer, and almost impossible to read.  We had our kitchen cabinets built Around this appliance assuming it would be a quality appliance, so we cannot easily replace it. I see from the reviews this is a known problem. Is there a fix available, is the warranty extended, and how can this be resolved? I have not yet looked to see if there is a class action regarding this issue.

66.    At that time, the Bosch representative informed Ms. Hirsch she could not make a warranty claim because she could not immediately locate her receipt.[11]  The Bosch representative failed to respond to any of Ms. Hirsch's other questions, or acknowledge that the Defect existed, or that Bosch knew about the Defect.

67.    Ms. Hirsch continued to use her Microwave/Oven because she had no other recourse at that time; however, the display continued to dim and accomplish total failure.

68.    Consequently, Plaintiff Hirsch again contacted a Bosch repair technician. On November 11, 2020, the technician replaced the Control Panel and noted, "[t]he display was dim and unit not working at all."  Plaintiff Hirsch paid $519.30 for the replacement of the original Control Panel.

69.    However, upon information and belief, the new Control Panel is likewise defective and will fail in the same manner.

70.    Because Bosch unlawfully concealed the Defect from Ms. Hirsch before

---

[11] Ms. Hirsch was later able to locate her receipt.

her purchase, as well as after the Microwave/Oven was installed in her home, she did not suspect (and had no reason to suspect) that there was anything wrong with the microwave/oven until the Defect manifested.

71.    Ms. Hirsch's microwave has now completely failed, and the Microwave/Oven has not operated properly for the expected useful life of the Microwave/Oven. Had she known of the Defect, she would have either not purchased the Microwave/Oven or would have paid less than she did. Therefore, she did not receive the benefit of her bargain.

**Plaintiff Ramakrishnan**

72.    In or about early 2018, Mr. Ramakrishnan began shopping for a new, reliable microwave/oven that would be long lasting and not require many repairs. In anticipation of purchasing a new microwave/oven, Mr. Ramakrishnan researched Bosch's 800 Series Microwave/Ovens on various online forums and through discussion with Abt Electronics, an authorized Bosch dealer.

73.    In selecting his Microwave/Oven, Mr. Ramakrishnan further relied on Bosch's representations in its written materials related to the Microwave/Ovens' quality and reliability.  He did not expect that the Control Panel would cease to work and render the Product useless.

74.    Mr. Ramakrishnan purchased his Bosch 800 Series Microwave/Oven in February of 2018 for approximately $5000.  Mr. Ramakrishnan paid this amount for his Microwave/Oven because he believed it to be a high-end Microwave/Oven compared to other brands and models. Mr. Ramakrishnan purchased his Microwave/Oven for normal, household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

75.    The Microwave/Oven was installed in his home shortly after his purchase. Once the Microwave/Oven was installed in Mr. Ramakrishnan's kitchen, he began to regularly use it. From the time of purchase until the incident described below, Mr.

Ramakrishnan used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

76.    Within a year of his purchase, Mr. Ramakrishnan noticed that the display on the Microwave/Oven was faded.

77.    After learning that his Microwave/Oven suffered from a defect, which Bosch knew or should have known, but which was unknown to Mr. Ramakrishnan at the time he purchased the Microwave/Oven, he performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

78.    In 2019, Mr. Ramakrishnan first contacted Bosch and put them on notice of the problems he experienced with his Microwave/Oven.  At that time, the Bosch representative directed Mr. Ramakrishnan to contact the retailer, who sent a service technician to diagnose the problem.[12] The service technician could not diagnose the problem, and attempted multiple fixes to resolve the issue. In fact, there have been approximately three attempted repairs and the issue continued.

79.    The last repair was made in February of 2021, and, upon information and belief, the new Control Panel is likewise defective and will fail in the same manner.

80.    Mr. Ramakrishnan was required to pay diagnostic fees each and every time a technician inspected the Microwave/Oven.

81.    Bosch failed to acknowledge that any Defect existed, or that Bosch knew about the Defect.

82.    Because Bosch unlawfully concealed the Defect from Mr. Ramakrishnan before his purchase, as well as after the Microwave/Oven was installed in his home, he did not suspect (and had no reason to suspect) that there was anything wrong with the Microwave/Oven until the Defect manifested.

---

[12] In fact, Plaintiff was repeatedly directed to make the initial warranty claim through the appliance repair company.

CLASS ACTION COMPLAINT

83.    Mr. Ramakrishnan's Microwave/Oven has not operated properly for its life expectancy. Had he known of the Defect, he would have either not purchased the Microwave/Oven or would have paid less than he did. Therefore, he did not receive the benefit of his bargain.

**Plaintiff Carlton's Facts**

84.    In or about the spring of 2020, Ms. Carlton began shopping for a new, reliable Microwave/Oven that would be long lasting and not require many repairs. In anticipation of purchasing a new Microwave/Oven, Ms. Carlton looked at various online retailers' websites, including Best Buy's website, to learn more about the Bosch Microwave/Oven.

85.    In selecting her Microwave/Oven, Ms. Carlton further relied on Bosch's representations in its written materials related to the Microwave/Ovens' quality and reliability.  She did not expect that the Control Panel would cease to work and render the Product useless.

86.    Ms. Carlton purchased her Bosch Model HBL87M53UC from Appliance Outlet in May of 2020 for $3499.  Ms. Carlton paid this amount for her Microwave/Oven because she believed it to be a high-end microwave/oven compared to other brands and models. Ms. Carlton purchased her Microwave/Oven for normal, household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

87.    The Microwave/Oven was installed in her home shortly after her purchase.  Once the Microwave/Oven was installed in Ms. Carlton's kitchen, she began to regularly use it. From the time of purchase until the incident described below, Ms. Carlton used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

88.    Almost immediately after installation, Ms. Carlton noticed the display on the microwave was dimmer than that of the convection oven. In March 2021, less than

CLASS ACTION COMPLAINT

a year after her purchase, the microwave stopped working altogether.

89.    After learning that her Microwave/Oven suffered from a defect, which Bosch knew or should have known, but which was unknown to Ms. Carlton at the time she purchased the Microwave/Oven, she performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

90.    In March of 2021, Ms. Carlton contacted Bosch and put them on notice of the problems she experienced with her Microwave/Oven. At that time, the Bosch representative authorized a repair of the Microwave/Oven, as it was still under warranty.

91.    An authorized Bosch technician was sent to Ms. Carlton's home to fix the Microwave/Oven. The technician was unsuccessful in repairing the Microwave/Oven, and the display has remained dim.

92.    Because Bosch unlawfully concealed the Defect from Ms. Carlton before her purchase, as well as after the Microwave/Oven was installed in her home, she did not suspect (and had no reason to suspect) that there was anything wrong with the Microwave/Oven until the Defect manifested.

93.    Ms. Carlton's Microwave/Oven has not operated properly for its life expectancy. Had she known of the Defect, she would have either not purchased the Microwave/Oven or would have paid less than she did. Therefore, she did not receive the benefit of her bargain.

**Plaintiff Michele O'Dell's Facts**

94.    In or about early 2018, Ms. O'Dell began shopping for a new, reliable microwave/oven that would be long lasting and not require many repairs. In anticipation of purchasing a new Microwave/Oven, Ms. O'Dell researched Bosch's microwave/ovens online, including on Home Depot and Lowe's website.

95.    In selecting her Microwave/Oven, Ms. O'Dell further relied on Bosch's

CLASS ACTION COMPLAINT

representations in its written materials related to the Microwave/Ovens' quality and reliability. She did not expect that the Control Panel would cease to work and render the Product useless.

96. Ms. O'Dell purchased her Bosch 800 Series Microwave/Oven from Aggressive Appliances in February of 2018 for $3669. Ms. O'Dell paid this amount for her Microwave/Oven because she believed it to be a high-end microwave/oven compared to other brands and models. Ms. O'Dell purchased her Microwave/Oven for normal, household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

97. Ms. O'Dell purchased the Microwave/Oven for use in her new home. Due to construction delays, the Microwave/Oven was not installed in her home until May of 2018, approximately two months after her purchase. Once the Microwave/Oven was installed in Ms. O'Dell's kitchen, she began to regularly use it. From the time of purchase until the incident described below, Ms. O'Dell used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

98. Within the first few months of using the Microwave/Oven, Ms. O'Dell began to notice issues with the display, which appeared faint. Ms. O'Dell contacted Bosch, who authorized a repair of the Microwave/Oven. However, the purported "fix" failed to resolve the issue, and the display remained faded.

99. On approximately April 8, 2020, the microwave failed completely and would no longer heat food. Ms. O'Dell contacted Bosch, but at that time, the Bosch representative denied the warranty claim as the warranty had expired. The Bosch representative failed to acknowledge that the Defect existed, or that Bosch knew about the Defect.

100. After learning that Bosch had denied her claim, Ms. O'Dell contacted Aggressive Appliances to resolve the issue. A service technician from Aggressive

CLASS ACTION COMPLAINT

Appliances inspected the Microwave/Oven on April 14, 2020 and attempted fix it by replacing a switch in the microwave. This failed to resolve the issue, and the technician informed Ms. O'Dell that he would need to order additional parts. The repair was finally completed on April 28, 2020 and Ms. O'Dell paid a total of $533.93 for the parts and labor.

101.    After learning that her Microwave/Oven suffered from a defect, which Bosch knew or should have known, but which was unknown to Ms. O'Dell at the time she purchased the Microwave/Oven, she performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

102.    Because Bosch unlawfully concealed the Defect from Ms. O'Dell before her purchase, as well as after the Microwave/Oven was installed in her home, she did not suspect (and had no reason to suspect) that there was anything wrong with the Microwave/Oven until the Defect manifested.

103.    Ms. O'Dell's Microwave/Oven has not operated properly for its life expectancy. Had she known of the Defect, she would have either not purchased the Microwave/Oven or would have paid less than she did. Therefore, she did not receive the benefit of her bargain.

## BOSCH'S ACTUAL OR
## CONSTRUCTIVE KNOWLEDGE OF THE DEFECT

104.    Each Plaintiff put Bosch on direct notice of the Defect in their Microwave/Ovens either through Bosch or Bosch's authorized repair company, as described *supra*.

105.    On August 3, 2021, via letter by undersigned counsel, Plaintiff Hirsch and another consumer put Bosch on notice of breach of warranties, breach of contract, unjust enrichment, negligence, strict liability, and violations of various consumer protection statutes.  The notice was sent on behalf of Plaintiff Hirsch and putative Class

Members across the country. The letter was supplemented on behalf of the remaining Plaintiffs on August 5, 2021.  The letters were delivered to Bosch's California and Delaware registered agents between August 9, 2021 and August 10, 2021.

106.    In addition to Plaintiffs' direct notice, Bosch knew or should have known when it sold the Microwave/Ovens to the public that they suffered from the Defect, and that the defect caused the Control Panels to function improperly during their expected useful life, represented an unreasonable risk that the Control Panels would fade, and, ultimately, might result in significant personal injury and/or property damage to consumers and the public.

107.    Bosch's knowledge of these facts is established through consumer complaints that the Microwave/Ovens failed during normal use. Despite its knowledge, Bosch did not remedy or eliminate the Defect in the Microwave/Ovens or remove them from the stream of commerce.  Nor did Bosch contact consumers to give notice of the Defect, even though Bosch was made aware of the defect and even though their warranty states that they would contact consumers when made aware of Defects in their products.

108.    Instead, Bosch replaced the defective Control Panels with equally defective Control Panels, which did not remedy the Defect, or improperly denied warranty claims.

109.    Bosch's actual knowledge of the Defect is evidenced by consumer complaints under reviews for the Product various consumer websites.

110.    The complaints on its own website and other retailers' websites further demonstrate that Bosch has been aware of the dangerous and potentially harmful defect and has not taken any steps to remedy the dangerous defect or recall the Microwave/Ovens.

111.    For example, consumers noted:

CLASS ACTION COMPLAINT

One customer who initially believed they had purchased a great product, updated their review as follows:[13]

The Bosch Stainless Steel speed oven is amazing. It is expensive
Reviewed in the United States on July 31, 2016
Verified Purchase

> UPDATE: I have had this unit for 2 years now and the top display began to dim. **I called Bosch and they said that there isn't a way to replace the bulb and that the entire display on the microwave needs to be replaced.** [Emphasis added].

In June of 2018, an Amazon reviewer wrote in a lengthy post:[14]

**Works great but display fades prematurely if clock is left in default positition [sic]. User Manual needs fixing!**
Reviewed in the United States on June 2, 2018

> I have the HMC80251UC over a matching Convection oven and warming drawer. I am positive about the performance, but there is a critical omission in the instruction book that has made a lot of very unhappy customers who have crossed Bosch off of their list forever. I an a retired electronics engineer and I have been a serious cook for decades. Also, during the last 30 years of my career, I have served on numerous design review and failure review boards. Most of the complaints are that the display grew too dim to use. The life span varied from a few months to two years. My display did the same thing over two years. Unfortunately, Bosch does not sell the display module alone. One has to buy the entire top level Control Panel Assembly. The part cost $200 directly from Bosch, not $400 as reported by some
>
> In September of 2018, an Amazon user complained:[15]

---

[13] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=three_star&pageNumber=1 (Last accessed August 10, 2021).

[14] https://www.amazon.com/gp/customer-reviews/RJ93VY3JLIY96/ref=cm_cr_arp_d_viewpnt?ie=UTF8&ASIN=B00JKA5EGG#RJ93VY3JLIY96 (Last accessed August 10, 2021).

[15] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-

CLASS ACTION COMPLAINT

**Very disapointed**
Reviewed in the United States on September 4, 2018

> Oven is great but the microwave has had many problems. The last one the light on the microwave went so dim it was very difficult to read up close. Had to replace the whole upper panel at a cost of 450 plus. Now the light is no brighter on high than on medium. Unit is two years old. Very disappointed.

In November of 2018, another Amazon user noted:[16]

**Unreliable**
Reviewed in the United States on November 4, 2018

> If you purchase this product, buy an extended warranty --you will need it. I wish I had. I would not buy another Bosch. Microwave is two years old. The electrical panel has been replaced. Today the panel went out a second time. Unreliable. I paid more money for this product because it was supposed to be of better quality. The repair estimate is excessive. Not worth the price.

In April of 2019, an Amazon user further complained:[17]

**Poor Customer Support for poor quality appliance**
Reviewed in the United States on April 23, 2019

> **My display became very dim just after the warranty ran out. This has been an ongoing problem for them with this unit, but instead of recalling it and doing the right thing, they are satisfied with the poor quality.** I've had it for 4 years and now the rotating tray is sparking. I have called and gone back and forth with emailing documents to Bosch Customer Service and they are obviously trying to make me cry "uncle". [Emphasis added].

---

reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=two_star&pageNumber=1 (Last accessed August 10, 2021).

[16] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=one_star&pageNumber=1 (Last accessed August 10, 2021).

[17] *Id.*

From one reviewer in or about Winter of 2019 on Bosch's website (HBL8752UC):[18]

> We are on our 2nd 800 Series Combination Oven. The electrical panel for the microwave/convection portion failed twice in the first 4 years. After the 2nd failure, our warranty company replaced the entire combination unit as the electrical panel was no longer available (after only 4 years!)… We're crossing our fingers that we do not have the same electronic panel issues as the last one!

From an unhappy Bosch customer in or about the Winter of 2019 after multiple attempts to solve their Control Panel issue (HBL8752UC):[19]

> I have the same problem as one of the other reviewers. Unit has been nonfunctional since mid-January and it is now mid-July and still not working. Microwave display went blank and unit ceased to function… Now July 17th and it is still not functioning.

In April of 2020, another Amazon reviewer stated:[20]

**Bad Boards**
Reviewed in the United States on April 1, 2020

> I purchased this oven in 2016. Generally, I really like it. Both the microwave and the ovens have great features and both work well. My reason for three stars is that **within one year I had to have the control panel on the lower oven replaced. It was faulty and was getting very hot to the touch. Fortunately, that was covered under warranty. Just**

---

[18] https://www.bosch-home.com/us/productslist/cooking-baking/wall-ovens/combination-ovens/HBL8753UC#/Tabs=section-reviews/ (last accessed Dec. 30, 2020).

[19] *Id.*

[20] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=three_star&pageNumber=1 (Last accessed August 10, 2021).

**this week, less than four years later, I had to replace the top control panel on the microwave. It flat out died, and cost $500 to replace, of course out of warranty. This was not a cheap appliance. A panel should last more than four years.** Come on Bosch, you can and should do better. (Emphasis added).

From one reviewer in or about the Spring of 2020 (HBL8752UC):[21]

… Do not be fooled! Last week after microwaving my lunch … the microwave panel went out. I checked the electrical fuse and it had not been tripped so I figured it was something internal. A reliable service man came and before he took the unit apart and tested it to see if electricity was there, he diagnosed a faulty panel. **He said he has had to replace these panels quite often…** So the total bill for the microwave that is not overused or abused is $454.00… Anyway you look at this [appliance], add an extra $450 to your price.

From another Amazon user:[22]

**BEWARE buying Bosch Appliance.**
Reviewed in the United States on June 10, 2020

BEWARE!!!
Control panel of the microwave became unreadable and the turntable has stopped turning after just 2.5 years of home use. Pretty much a useless $1,500.00 microwave at this point.

112.    Not only does the number of complaints over the course of several years demonstrate Bosch was on notice of the Defect, but the substance of several complaints note that Bosch was put on direct notice and that these panels are being frequently replaced for significant out of pocket costs.

---

[21] *Id.*

[22] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=one_star&pageNumber=1 (Last accessed August 10, 2021).

113.    In addition, these online reviews about the Defect are quite likely only a fraction of the complaints Bosch received about the Defect. Bosch has a Customer Support Center that fields calls from consumers about issues with their products, and consumers can contact Bosch by email through the "contact us" function on Bosch's website.  The online review function are a way for those consumers who wish to share their experiences with others; undoubtedly consumers who do so are a subset of those who contact Bosch about it.

114.    In conjunction with Bosch's experience with kitchen appliances, including the participation of designing, manufacturing and selling the Microwave/Ovens, these facts and complaints illustrate that Bosch knew or should have known of the Defect.

115.    Bosch has a duty to disclose the Defect and to not conceal the Defect from Plaintiffs and Class Members. Bosch's failure to disclose, or active concealment of, the serious safety defect places Plaintiffs and Class Members at risk of personal injury and/or property damage.

116.    Bosch is currently still selling the defective Microwave/Ovens, concealing the Defect, failing to notify consumers of the safety Defect, and failing to recall the Microwave/Ovens.

117.    Moreover, Bosch continues to falsely represent through written warranties that the Microwave/Ovens are free from Defect, are of merchantable quality, and will perform dependably for years.

118.    When corresponding with customers, Bosch does not disclose that the Microwave/Ovens suffer from the Defect. As a result, reasonable consumers, including Plaintiffs and Class Members, purchased and used, and continue to purchase and use the Microwave/Ovens in their homes even though it is unsafe to do so.

119.    When Bosch replaces units, it fails to disclose the known Defect and it replaces the defective Control Panel with equally defective Control Panels does not remedy the Defect.

CLASS ACTION COMPLAINT

120.    Had Plaintiffs, Class Members, and the consuming public known that the Microwave/Ovens were defective, posed an unreasonable risk of harm to themselves and their property, and would cause damage, they would not have purchased them.

121.    Bosch has wrongfully placed on Plaintiffs and Class Members the burden, expense, and difficulty involved in discovering the Defect, repairing and replacing the Control Panels (potentially multiple times), and paying for the cost of damages caused by the Defect.

## TOLLING AND ESTOPPEL OF STATUTE OF LIMITATIONS

122.    Bosch had actual awareness for years that the Microwave/Ovens contain a Defect that the Control Panel fails.

123.    Although Bosch was aware of the Defect, it took no steps to warn Plaintiffs or the Class of such Defect and the dangers the Defect would pose.

124.    At least by 2016, if not earlier, Bosch had received numerous reports of these units failing to work due to issues related to the Control Panels.

125.    Bosch has purportedly changed its manufacturing process in its attempt to correct the problem for newly manufactured Bosch-branded Microwave/Ovens, without notifying consumers of these changes.

126.    Bosch did not, however, issue a recall, warn consumers, or take any other affirmative steps to correct the problem in the Microwave/Ovens already in the field with the Defect, neither did Bosch take steps to alert members of the Class about the problem.

127.    Despite its knowledge, Bosch has fraudulently concealed the fact that the Microwave/Ovens were defective,  even though it had a duty to disclose the Defect.

128.    Bosch made affirmative misrepresentations to consumers during the sale of these Microwave/Ovens, including that they were free of defect.

129.    Bosch made affirmative misrepresentations to Plaintiffs and consumers

during warranty claims and other correspondence with consumers lodging complaints, including that their problems with the Microwave/Ovens have been resolved in an effort to persuade consumers to accept replacement parts, including that replacement Control Panels would remedy the problem, and in other ways to be discovered.

130.    At all times, Bosch concealed that the Microwave/Ovens and any replacements were defective.

131.    Bosch's concealment was material to Plaintiffs' and Class Members' decision to purchase the Microwave/Ovens. Bosch's concealment was knowing, and Bosch intended to mislead Plaintiffs and Class Members into relying upon it. Accordingly, Plaintiffs and Class Members relied upon Bosch's concealment of these material facts and suffered injury as a proximate result of that justifiable reliance.

132.    The Defect in the design and/or manufacture of the Microwave/Ovens was not detectible to Plaintiffs and members of the Class.

133.    Bosch actively and intentionally concealed the existence of the Defect and failed to inform Plaintiffs or Class Members of the existence of the Defect at all times, including when they contacted Bosch about the problems. Accordingly, Plaintiffs and Class Members' lack of awareness was not attributable to lack of diligence on their part.

134.    Bosch's statements, words, and acts were made for the purpose of suppressing the truth that the Microwave/Ovens and replacements were defective.

135.    Bosch concealed the defect for the purpose of delaying Plaintiffs and Class Members from filing a complaint on their causes of action.

136.    As a result of Bosch's active concealment of the defect and/or failure to inform Plaintiffs and members of the Class of the defect, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled. Furthermore, Bosch is estopped from relying on any statutes of limitations in light of its active concealment of the defective nature of the Microwave/Ovens.

137.    Further, the causes of action alleged herein did not occur until Plaintiffs

and Class Members discovered that their Microwave/Ovens had the Defect. The Plaintiffs and Class Members had no realistic ability to discern that the Microwave/Ovens were defective until they learned of the existence of the Defect. In either event, Plaintiffs and Class Members had no reason to discover their causes of action because of Bosch's active concealment of the true nature of the Defect.

## FED. R. CIV. P. 9(b) ALLEGATIONS
### (Affirmative and By Omission)

138.    Although Bosch is in the best position to know what content it placed on its website(s) and in marketing materials during the relevant timeframe, to the extent necessary, Plaintiffs satisfy the requirements of Rule 9(b) by alleging the following facts with particularity:

139.    WHO: Bosch made material misrepresentations and/or omissions of fact through its website representations, warranties, owner's manuals, labeling and marketing, statements and representations made by employees receiving warranty claims, and through statements and representations made by its authorized retailers of the Microwave/Ovens, which include statements such as that the Microwave/Ovens were not defective, were of high-quality, and were suitable for their purpose of safely and properly cooking and heating food.

140.    WHAT: Bosch's conduct here was, and continues to be, fraudulent because it omitted and concealed that the Microwave/Ovens are (a) defective, in that the Control Panel dims or fades to a point where the display panel is difficult or impossible to read, rendering the Microwave/Ovens unusable, (b) are not of high-quality, (c) could present a safety hazard when being used as intended, and (d) could fail prior to the completion of their expected useful life. Bosch's employees and authorized agents and representatives made affirmative misrepresentations to Plaintiffs and Class Members regarding the same qualities. Further, Bosch's conduct deceived Plaintiffs and Class Members into believing that the Microwave/Ovens are not defective, are high-

CLASS ACTION COMPLAINT

quality, are safe to use, and will last at least as long as the full duration of their expected useful life. Bosch knew or should have known this information is material to reasonable consumers, including Plaintiff sand Class Members in making their purchasing decisions, yet it omits any warning that the Microwave/Ovens suffer from the Defect.

141.    WHEN: The material misrepresentations and/or omissions detailed herein were made prior to and available at the time Plaintiffs and Class Members performed research on the Microwave/Ovens to gather information that would aid them in selecting the best microwave/oven to purchase; prior to and at the time Plaintiffs and Class Members purchased the Microwave/Ovens, prior to and at the time Plaintiffs and Class Members made claims about the Defect, and continuously throughout the applicable Class periods.

142.    WHERE: Bosch's material misrepresentations and/or omissions were made on its website(s), through marketing materials, in warranties, in user manuals, on the labeling of the packaging, as well as through statements made by its employees and authorized retailers.

143.    HOW: Bosch made misrepresentations and/or failed to disclose material facts regarding the true safety risks of normal use of the Microwave/Ovens in written form, electronic form, or conventional hardcopy form, as well as verbally through statements made by its employees and authorized retailers.

144.    WHY: Bosch made the material misrepresentations and/or omissions detailed herein for the express purpose of inducing Plaintiff, Class Members, and all reasonable consumers to purchase and/or pay for the Microwave/Ovens, the effect of which was that Bosch profited by selling the Microwave/Ovens to many thousands of consumers.

145.    INJURY: Plaintiffs and Class Members purchased or paid more for the Microwave/Ovens when they otherwise would not have absent Bosch's misrepresentations and/or omissions. Further, the Microwave/Ovens continue to pose

unreasonable safety risks and cause consumers to incur unnecessary and unreasonable out-of-pocket expenses when manifestation of the Defect occurs.

## CLASS ACTION ALLEGATIONS

146.    Plaintiffs bring this action individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of the following National Class:

> During the fullest period allowed by law, all persons residing in the United States who purchased a 800 series Bosch 800 Series Microwave/Oven.

147.    Plaintiff Hirsch brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of the following California Class:

> During the fullest period allowed by law, all persons residing in the State of California who purchased a Bosch 800 Series Microwave/Oven

148.    Plaintiff Ramakrishnan brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of the following Illinois Class:

> During the fullest period allowed by law, all persons residing in the State of Illinois who purchased a  Bosch 800 Series Microwave/Oven

149.    Plaintiff Carlton brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of the following Colorado Class:

> During the fullest period allowed by law, all persons residing in the State of Colorado who purchased a Bosch 800 Series Microwave/Oven

150.    Plaintiff O'Dell brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of the following Florida Class:

> During the fullest period allowed by law, all persons residing in the State of Florida who purchased a Bosch 800 Series Microwave/Oven.

33

151.   Plaintiffs reserve the right to modify the class definitions if necessary to include additional Bosch ovens, microwaves, or other series combination units with the same Defect and/or other Microwave/Ovens manufactured by Bosch with the common Defect but bearing different brand names.

152.   <u>Numerosity</u>: The members of each Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members is presently unknown, it consists of thousands of people geographically disbursed throughout the United States, including California, Illinois, Colorado and Florida. The number of Class Members can be determined by sales information and other records. Moreover, joinder of all potential Class Members is not practicable given their numbers and geographic diversity. The Class is readily  identifiable from information and records in the possession of Bosch and its third-party distributors.

153.   <u>Commonality</u>: Common questions of law and fact exist as to all members of each Class. These questions predominate over questions that may affect only individual Class Members because Bosch has acted on grounds generally applicable to the Class.  Such common legal or factual questions include, *inter alia*:

(a)   Whether the Microwave/Ovens are defective;

(b)   Whether the Microwave/Ovens are defectively designed and/or manufactured;

(c)   Whether Bosch knew or reasonably should have known about the Defect prior to distributing the Microwave/Ovens to Plaintiffs and the members of the Classes;

(d)   Whether Bosch concealed from and/or failed to disclose to Plaintiffs and the members of the Classes the problems with the Microwave/Ovens;

(e)   Whether Bosch knew or reasonably should have known about the Defect after distributing the Microwave/Ovens to Plaintiffs and the members of the Classes;

(f)   Whether Bosch breached the implied warranty of merchantability;

(g)   Whether Bosch breached express warranties relating to the Microwave/Ovens;

(h)    Whether Bosch's Limited Product Warranty is unconscionable;

(i)    Whether Bosch should be ordered to disgorge all or part of the ill-gotten profits it received from the sale of the defective Microwave/Ovens;

(j)    Whether Plaintiffs and the members of the Classes are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of such damages;

(k)    Whether Bosch should be enjoined from selling and marketing its defective Microwave/Ovens; and

(l)    Whether Bosch engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing defective Microwave/Ovens.

154.    _Typicality_:  Plaintiffs' claims are typical of the members of the Classes as all members of the Classes are similarly affected by the same defect and Bosch's actionable conduct. Plaintiffs and all members of the Classes purchased the Microwaves with a defect that makes the Microwave/Ovens inherently dangerous. In addition, Bosch's conduct that gave rise to the claims of Plaintiffs and members of the Classes (_i.e._ delivering a defective Microwave/Ovens, concealing the Defect, and breaching warranties with respect to the Microwave/Ovens) is the same for all members of the Classes.

155.    _Adequacy of Representation_: Plaintiffs will fairly and adequately protect the interests of the Classes because they have no interests antagonistic to, or in conflict with, the Classes that Plaintiffs seek to represent. Furthermore, Plaintiffs have retained counsel experienced and competent in the prosecution of complex class action litigation.

156.    _Injunctive/Declaratory Relief_: The elements of Rule 23(b)(2) are met. Bosch will continue to commit the unlawful practices alleged herein, and members of the Classes will remain at an unreasonable and serious safety risk as a result of the defect. Bosch has acted and refused to act on grounds that apply generally to the Classes, such that final injunctive relief and corresponding declaratory relief is appropriate respecting the Classes as a whole.

157.    _Predominance_: The elements of Rule 23(b)(3) are met. The common questions of law and fact enumerated above predominate over the questions affecting

only individual members of the Classes, and a class action is the superior method for the fair and efficient adjudication of this controversy. The likelihood that individual Class Members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Serial adjudication in numerous venues is not efficient, timely, or proper. Judicial resources will be unnecessarily depleted by resolution of individual claims. Joinder on an individual basis of hundreds or thousands of claimants in one suit would be impractical or impossible. Individualized rulings and judgments could result in inconsistent relief for similarly-situated Plaintiffs.

158.    Plaintiffs know of no difficulty to be encountered in the maintenance of this  action that would preclude its maintenance as a class action.

159.    Bosch has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief  with respect to the Classes as a whole.

160.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs and allegations of this Complaint, including the factual allegations, tolling allegations, and class action allegations, as though fully set forth in each of the following Claims for Relief asserted on behalf of the Classes.

**FIRST CLAIM FOR RELIEF**
**Breach of Implied Warranties**
**(Plaintiffs Individually and on Behalf of All Classes)**

161.    Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

162.    Bosch is a merchant and was at all relevant times involved in the manufacturing, and is the distributor, warrantor, and/or seller of the Microwave/Ovens. Bosch knew or had reason to know of the specific use for which the Microwave/Ovens, as goods, were purchased.

163.    The Microwave/Ovens were at all relevant times a "good."

CLASS ACTION COMPLAINT

164. Bosch entered into agreements with retailers, suppliers, and/or contractors to sell its Microwave/Ovens to be installed at Plaintiffs' and Class Members' homes.

165. Bosch provided Plaintiffs and Class Members with implied warranties that the Microwave/Ovens were merchantable and fit for the ordinary purposes for which they were used and sold and were not otherwise injurious to consumers.

166. However, the Microwave/Ovens are not fit for their ordinary purpose of providing reasonably reliable and safe heating of food because, *inter alia*, the Microwaves contain a defect preventing the Product's Control Panel from illuminating properly, making the Panel unusable – and thus, the Product is unusable because consumer cannot ascertain which buttons on the Panel to press in order to select the correct cooking time. Therefore, the Microwave/Ovens are not fit for their particular purpose of safely heating and/or cooking food.

167. The problems associated with the Defect are safety risks such that the Microwave/Ovens do not provide safe reliable cooking appliances, and therefore, there is a breach of the implied warranty of merchantability.

168. Privity is not required because Plaintiffs and each of the members of the class are the intended beneficiaries of Bosch's warranties and its sale through retailers. The retailers were not intended to be the ultimate consumers of the Microwave/Ovens and have no rights under the warranty agreements provided by Bosch. Bosch's warranties were designed for and intended to benefit the consumer only and Plaintiffs and Class Members were the intended beneficiaries of the Microwave/Ovens.

169. More specifically, Bosch's manifest intent that its warranties apply to Plaintiffs and consumer Class Members as third-party beneficiaries is evident from the statements contained in its product literature, including its Limited Product Warranty, which specifically states the Microwave/Ovens are to be used "[f]or your normal, household (non-commercial) use, and has in fact at all times only been used for normal household purposes." Likewise, it was reasonably foreseeable that Plaintiffs and

CLASS ACTION COMPLAINT

consumer Class Members would be the intended beneficiary of the products and warranties.

170.    Bosch impliedly warranted that the Microwave/Ovens were of merchantable quality and fit for such use.  These implied warranties included, among other things: (i) a warranty that the Microwave/Ovens manufactured, supplied, distributed, and/or sold by Bosch were safe and reliable for heating food; and (ii) a warranty that the Microwave/Ovens would be fit for their intended use while operated.

171.    Contrary to the applicable implied warranties, the Microwave/Ovens at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing Plaintiffs and Class Members with reliable, durable, and safe methods of heating food.  Instead, the Microwave/Ovens suffer from a defective design and/or manufacture, as alleged herein.

172.    Bosch's failure to adequately repair or replace the defective Microwave/Ovens has caused the warranty to fail of its essential purpose.

173.    Bosch breached the implied warranties because the Microwave/Ovens were sold with the Defect, which substantially reduced and/or prevented the Microwave/Ovens from being used for safe food preparation.

174.    Moreover, Bosch was put on direct notice by Plaintiffs, as well as constructive notice about its breach through its review of consumer complaints described herein, and, upon information and belief, through product testing.

175.    Any efforts to limit the implied warranties in a manner that would exclude coverage of the Microwave/Ovens is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Microwave/Ovens is null and void.

176.    As a direct and proximate result of the foregoing, Plaintiffs and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

CLASS ACTION COMPLAINT

## SECOND CLAIM FOR RELIEF
### Breach of Express Warranty
### (Plaintiffs Individually and on Behalf of All Classes)

177.   Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

178.   At all times referenced herein, Bosch was the "seller" of the Microwave/Ovens.

179.   At all times referenced herein, the Microwave/Ovens were "goods."

180.   In connection with its sale of the Microwave/Ovens, Bosch expressly warranted that they were free from defect at the time of shipping and are suitable for heating food.

181.   The defectively designed Microwave/Ovens are subject to and otherwise covered by Bosch's Limited Product Warranty, which applies to each Product.

182.   Each of the Product models has an identical or substantially identical warranty.

183.   Bosch was obligated, under the terms of the express warranty to adequately repair or replace the defective Microwave/Ovens for Plaintiffs and Class Members.

184.   In its Limited Product Warranty, Bosch warrants "*that the Product is free from defect in materials and workmanship for a period of twelve (12) months from the date of purchase.*"

185.   Bosch's warranty representations are made online, on its packaging, through its Use and Care Manual, and its Limited Product Warranty.

186.   The express written warranties covering the Microwave/Ovens were a material part of the bargain between Bosch and consumers. At the time it made these express warranties, Bosch knew of the purpose for which the Microwave/Ovens were to be used.

187.    Bosch breached the warranty because it improperly and unlawfully denies valid warranty claims, and it has failed or refused to adequately repair or replace the Microwave/Ovens with non-defective units.

188.    Bosch further breached its express warranties by selling Microwave/Ovens that were, in actuality, not free of defect, not made from merchantable material and workmanship, unsafe for use, and could not be used for the ordinary purpose of heating food.  Bosch breached its express written warranties to Plaintiffs and Class Members in that the Microwave/Ovens are defective at the time they leave the manufacturing plant, and on the first day of purchase, creating a serious safety risk to Plaintiffs and Class Members, and by failing to disclose and actively concealing this risk from consumers.

189.    The limitations and the exclusions in Bosch's Warranty are harsh, oppressive, one-sided, unconscionable and unenforceable, as described *supra*, particularly in light of the fact that Bosch knew that the Microwave/Ovens suffered from the defect described herein.

190.    Any attempt by Bosch to limit or disclaim the express warranty in a manner that would exclude coverage of the defect is unconscionable as a matter of law because the relevant purchase transactions were tainted by Bosch's concealment of material facts. Thus, any such effort to disclaim, or otherwise limit, its liability for the defect is null and void.

191.    Privity is not required because Plaintiffs and each of the members of the class are the intended beneficiaries of Bosch's warranties and its sale through retailers. The retailers were not intended to be the ultimate consumers of the Microwave/Ovens and have no rights under the warranty agreements provided by Bosch.  Bosch's warranties were designed for and intended to benefit the consumer only and Plaintiffs and Class Members were the intended beneficiaries of the Microwave/Ovens.

192.    More specifically, Bosch's manifest intent that its warranties apply to Plaintiffs and consumer Class Members as third-party beneficiaries, is evident from the

statements contained in its product literature, including its Limited Product Warranty, which specifically states the Microwave/Ovens are to be used "*[f]or your normal, household (non-commercial) use, and has in fact at all times only been used for normal household purposes*." Likewise, it was reasonably foreseeable that Plaintiffs and consumer Class Members would be the intended beneficiary of the products and warranties.

193.    Moreover, Bosch was put on constructive notice about its breach through its review of consumer complaints and media reports described herein, and, upon information and belief, through its product testing.

194.    Upon information and belief, Bosch received further notice and has been on notice of the defective nature of the Microwave/Ovens and of its breaches of warranties through customer warranty claims reporting problems with Bosch, consumer complaints at various sources, and its own internal and external testing.

195.    Despite having notice and knowledge of the defective nature of the Microwave/Ovens, Bosch failed to provide any relief to Class Members with Microwave/Ovens more than one (1) year old, failed to provide a non-defective replacement Microwave/Ovens to Plaintiffs and Class Members, and otherwise failed to offer any appropriate repair or compensation from the resulting damages.

196.    Bosch breached its express warranty to adequately repair or replace the Microwave/Ovens despite its knowledge of the Defect, and/or despite its knowledge of alternative designs, materials, and/or options for manufacturing the Microwave/Ovens.

197.    To the extent that Bosch offered to replace the defective Microwave/Ovens, the warranty of replacement fails in its essential purpose given it is insufficient to make Plaintiffs and Class Members whole because the warranty covering the Microwave/Ovens gives Bosch the option to repair or replace the Product, where neither is sufficient  Specifically, in its course of business, Bosch often has opted to provide a replacement Product to complaining consumers; however, the replacement

Product, and more specifically, the Control Panel, likewise contains the Defect, resulting in the same safety risks to the owners, and the same or similar damages can occur to the replacement Product and the owner's personal property.  Accordingly, recovery by Plaintiffs and Class Members are not restricted to the promises in any written warranties, and they seek all remedies that may be allowed.

198.   Many of the damages resulting from the defective Microwave/Ovens cannot be resolved through the limited remedy of replacement.

199.   Accordingly, recovery by Plaintiffs and Class Members is not limited to the limited warranty of replacement, and they seek all remedies allowed by law.

200.   Had Plaintiffs, Class Members, and the consuming public known that the Microwave/Ovens were defective, posed an unreasonable risk of harm to themselves and their property, would cause damage, or that Bosch would not properly honor its warranty, they would not have purchased the Microwave/Ovens.

201.   Plaintiffs and Class Members have performed all duties required of them under the terms of the express warranty, except as may have been excused or prevented through the conduct of Bosch or by operation of law in light of Bosch's conduct described throughout this Complaint.

202.   Bosch has received timely, direct and constructive notice regarding the problems at issue in this litigation, and notwithstanding, Bosch has failed and refused to offer an effective remedy.

203.   As a direct and proximate result of Bosch's breach of its express written warranties, Plaintiffs and Class Members have suffered damages and did not receive the benefit of the bargain and are entitled to recover compensatory damages, including, but not limited to the cost of inspection, repair and diminution in value.  Plaintiffs and Class Members suffered damages at the point of sale stemming from their overpayment for the defective Microwave/Ovens, in addition to loss of the Product and its intended benefits.

CLASS ACTION COMPLAINT

### THIRD CLAIM FOR RELIEF
### (IN THE ALTERNATIVE)

**Breach of Contract/Breach of Common Law Warranty**
**(Plaintiffs Individually and on Behalf of All Classes)**

204.   Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

205.   To the extent Bosch's commitment is deemed not to be a warranty under the Uniform Commercial Code or common law, Plaintiffs plead in the alternative under common law warranty and contract law.

206.   Plaintiffs and Class Members purchased the Microwave/Ovens from Bosch or through retailers such as Best Buy, Home Depot, Lowe's, Amazon, and other appliance stores and authorized retailers.

207.   Bosch expressly warranted that the Microwave/Ovens were fit for their intended purpose and that they were free of defects, suitable for safe heating of food.

208.   Bosch made the foregoing express representations and warranties to all consumers, which became the basis of the bargain between Plaintiffs, Class Members, and Bosch.

209.   Bosch breached the warranties and/or contract obligations by placing the defective Microwave/Ovens into the stream of commerce and selling them to consumers, when it knew the Microwave/Ovens contained Defect, were prone to premature failure, and did not safely heat food.  These deficiencies substantially and/or completely impair the use and value of the Microwave/Ovens.

210.   The deficiencies described existed when the Microwave/Ovens left Bosch's possession or control and were sold to Plaintiffs and Class Members.  The deficiencies and impairment of the use and value of the Microwave/Ovens was not discoverable by Plaintiffs or Class Members at the time of the purchase of the Microwave/Ovens.

211.   As a direct and proximate cause of Bosch's breach of contract, Plaintiffs and Class Members were harmed because they would not have purchased the Microwave/Ovens if they knew the truth about the defective condition of the Microwave/Ovens.

## FOURTH CLAIM FOR RELIEF
### (IN THE ALTERNATIVE)
### Unjust Enrichment
### (Plaintiffs Individually and on Behalf of All Classes)

212.   Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

213.   This alternative claim is asserted on behalf of Plaintiffs and Class Members to the extent there is any determination that any contracts between Class Members and Bosch do not govern the subject matter of the disputes with Bosch, or that Plaintiffs does not have standing to assert any contractual claims against Bosch.

214.   Plaintiffs and Class Members conferred a monetary benefit on Bosch, and Bosch had knowledge of this benefit. The average price paid by Plaintiffs and Class Members for the Microwave/Ovens was more than $2000.00, and the average price paid by Plaintiffs and Class Members for repair or replacement was more than $400.00.

215.   By its wrongful acts and omissions described herein, including selling the defective Microwave/Ovens, Bosch was unjustly enriched at the expense of Plaintiffs and Class Members.

216.   Plaintiffs' and Class Members' detriment and Bosch's enrichment were related to and flowed from the wrongful conduct alleged in this Complaint.

217.   It would be inequitable for Bosch to retain the profits, benefits, and other compensation obtained from its wrongful conduct as described herein in connection with selling the defective Microwave/Ovens.

218.   Plaintiffs and Class Members seek restitution from Bosch and an order of this Court proportionally disgorging all profits, benefits, and other compensation

obtained by Bosch from its wrongful conduct and establishing a constructive trust from which Plaintiffs and Class Members may seek restitution.

### FIFTH CLAIM FOR RELIEF
### FRAUDULENT CONCEALMENT
#### (Plaintiffs Individually and on Behalf of All Classes)

219.   Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

220.   Bosch knew or should have known that the Microwave/Ovens were defective in design and manufacture, was not fit for its ordinary and intended use, and failed to perform in accordance with advertisements, marketing materials and warranties disseminated by Bosch, and with the reasonable expectations of ordinary consumers.

221.   Bosch fraudulently concealed from and/or intentionally failed to disclose to Plaintiffs and the Class that the Microwave/Ovens is defective, would prematurely fail, and that the damages were not the result of mishandling or installation errors.

222.   Bosch had exclusive knowledge of the defective nature of the Microwave/Ovens at the time of sale and at all other relevant times. The Defect is latent and not something that Plaintiffs or Class Members, in the exercise of reasonable diligence, could have discovered independently prior to purchase.

223.   Bosch had the capacity to, and did, deceive Plaintiffs and Class Members into believing that they were purchasing Microwave/Ovens or homes with Microwave/Ovens free from defects.

224.   Bosch undertook active and ongoing steps to conceal the Defect. Plaintiffs is not aware of anything in Bosch's advertising, publicity, or marketing materials that disclosed the truth about the Defect, despite Bosch's awareness of the problem.

225.   The facts concealed and/or not disclosed by Bosch to Plaintiffs and Class Members are material facts in that a reasonable person would have considered them

important in deciding whether to purchase (or to pay the same price for) the Microwave/Ovens.

226.  Bosch intentionally concealed and/or failed to disclose material factors for the purpose of inducing Plaintiffs and the Class to act thereon.

227.  Plaintiffs and the Class justifiably acted or relied upon the concealed and/or nondisclosed facts to their detriment, as evidenced by their purchase of the Microwave/Ovens.

228.  Plaintiff and Class Members suffered a loss of money in an amount to be proven at trial, *inter alia*, as a result of Bosch's fraudulent concealment and nondisclosure because: (a) they would not have purchased the Microwave/Ovens on the same terms if the true facts concerning the defective Microwave/Ovens had been known; (b) they would not have paid a price premium for the Microwave/Ovens if they knew of the Defect and that the Microwave/Ovens were likely to fail prematurely, leak, and cause water damage to cabinetry and flooring; and (c) the Microwave/Ovens did not perform as promised.

229.  Had Plaintiff, Class Members, and the consuming public known that the Microwave/Ovens were defective or would cause damage, they would not have purchased the Microwave/Ovens or would have paid less for them.

230.  By reason of the foregoing, Plaintiff and Class Members suffered, and continue to suffer damage and injury.

## SIXTH CLAIM FOR RELIEF

**Violations of the California Legal Remedies Act, Civil Code § 1750, *et seq.*
(Plaintiff Hirsch Individually and on Behalf of the California Class)**

231.  Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

232.  Bosch's conduct falls within the meaning of this statute because they caused transactions resulting in the sale or lease of goods or services to consumers –

CLASS ACTION COMPLAINT

1  namely, the sale of defective Microwave/Ovens (specifically, Combination Units). These
2  Microwave/Ovens are considered goods or services within the meaning of the statute
3  under Civil Code § 1761(a) and/or the sale of these Microwave/Ovens is considered a
4  service under Civil Code § 1761(b).

5      233.    Plaintiffs and California Subclass Members are consumers pursuant to this
6  statute.

7      234.    Bosch violated the Consumer Legal Remedies Act by way of the following
8  provisions: (1) violation of Civil Code § 1770(a)(5), the Bosch represented (and continue
9  to represent) that their goods have characteristics which they do not have – mainly that
10 they are operational Microwave/Ovens free from the aforementioned Defect; and, (2)
11 violation of Civil Code § 1770(a)(14) the Bosch represented (and continue to represent)
12 that a transaction has rights, remedies, and/or obligations which they did not have –
13 including but not limited to Bosch's warranty, Bosch's assurance that they would inform
14 consumers if Microwave/Ovens were defective, and Bosch's assurance that they would
15 replace said defective Microwave/Ovens.

16     235.    Bosch are aware and cognizant that their representations that these
17 Microwave/Ovens work properly is false and misleading.

18     236.    Had Ms. Hirsch and the California Subclass known of the Defect, they
19 would not have paid – or would have paid substantially less – for the Microwave/Ovens
20 at-issue.

21     237.    As a result of Bosch's unlawful conduct, Ms. Hirsch and California
22 Subclass Members were injured and suffered damages. Ms. Hirsch and California
23 Subclass Members are entitled to recover their actual damages, and costs and
24 disbursements, including costs of investigation and reasonable attorneys' fees, as well as
25 injunctive relief and other equitable relief, including restitution, as determined by the
26 Court, pursuant to the California Consumer Legal Remedies Act.

27

28

238.    On August 3, 2021, via USPS certified letter, return requested, by undersigned counsel, Plaintiff Hirsch put Bosch on notice of its violation of the California Consumer Legal Remedies Act, in additional to breaches of warranties and violations of other consumer protection statutes.  The notice was sent on behalf of Plaintiff Hirsch and putative Class Members across the country. The letter was supplemented on behalf of the remaining Plaintiffs on August 5, 2021.

239.    These letters were delivered to Bosch's California registered agent and its Delaware registered agent between August 9, 2021 and August 10, 2021.  To date, no response has been received.

240.    Plaintiffs will amend their complaint to add claims for monetary damages if Defendant fails to take the corrective actions.

### SEVENTH CLAIM FOR RELIEF
**Violations of the California Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(Plaintiff Hirsch Individually and on Behalf of the California Class)**

241.    Plaintiffs hereby adopt and incorporate by reference, all foregoing allegations as though fully set forth herein.

242.    Bosch violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, "unfair competition shall mean and include any unlawful, unfair, or fraudulent business practices [including] unfair, deceptive, untrue or misleading advertising.

243.    Bosch actions, as alleged herein, constitute fraudulent, unfair, deceptive and unlawful business practices committed in violation of Bus. & Prof. Code § 17200, *et seq.* as well as unlawful practices because they violate the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750.

244.    All of the conduct and representations alleged herein occurred in the course of the Bosch's business and were part of a pattern or generalized course of illegal conduct.

245.   Bosch's conduct was fraudulent because Bosch failed to disclose the Defect associated with the Microwave/Ovens.

246.   Bosch's conduct was unfair because it was specifically designed to and did induce Plaintiffs and members of the California Subclass to purchase the Microwave/Ovens at-issue.

247.   Bosch's conduct was deceptive because it was specifically designed to and did induce Plaintiffs and members of the California Subclass to purchase the Microwave/Ovens at-issue despite knowing that they contained the Defect.

248.   Bosch's conduct was considered to be unlawful because it violates the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750.

249.   Plaintiff Hirsch and members of the California Subclass reasonably and justifiably relied on Bosch's conduct alleged herein. But for such conduct, Plaintiffs and the members of the California class would not have purchased the Microwave/Ovens at-issue.

250.   Additionally, the warranty limitations and the failure to disclose the potential safety risk due to the defect is unfair in that they: (1) violate public policy as expressed in the California Consumer Legal Remedies Act, (2) are immoral, unethical, oppressive, and unscrupulous and substantially injurious to consumers and these factors are not offset by the utility of the Bosch's conduct since the conduct is intended to and does only provide impediments to the assertion of valid claims for recovery and limit the damages for which Bosch is legally obligated to compensate; and (3) inflict injury on consumers which is not outweighed by any countervailing benefits to consumers or competition and the injury to consumers is one that consumers could have reasonably avoided.

251.   As a result of Bosch's conduct, Plaintiff Hirsch and the members of the California Subclass have suffered injury-in-fact, lost money, and potential damage to property, in that they have incurred actual costs to repair and/or replace the Control

Panels associated with the defective Microwave/Ovens.

252.    Plaintiff Hirsch and members of the California Subclass seek to recover from Bosch restitution of earnings, profits, compensation, and benefit obtained as a result of the practices that are illegal under the aforementioned statute.

## EIGHTH CLAIM FOR RELIEF
### Illinois Consumer Fraud And Deceptive Trade Practices Act ("ICFA")(815 ILCS 505/1, *et seq.*)
### (Plaintiff Prasanna Ramakrishnan individually and on behalf of the Illinois Class)

253.    Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

254.    Plaintiff Ramakrishnan and Illinois Subclass Members are persons within the context of the ICFA, 815 ILCS 505/1(c).

255.    Bosch is a person within the context of the ICFA, 815 ILCS 505/1(c).

256.    At all times relevant hereto, Bosch was engaged in trade or commerce as defined under the ICFA, 815 ILCS 505/1(f).

257.    Plaintiff and the proposed Illinois Subclass are "consumers" who purchased the Microwave/Ovens for personal, family or household use within the meaning of the ICFA, 815 ILCS 505/1(e).

258.    The ICFA prohibits engaging in any "unfair or deceptive acts or practices … in the conduct of any trade or commerce…."  ICFA, 815 ILCS 505/2.

259.    The ICFA prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the Uniform Deceptive Trade Practices Act ("UDTPA"). 815 ILCS § 505/2.

260.    Bosch's conduct, as described herein, in part took place within the State of Illinois and constitute unfair or deceptive acts or practices in the course of trade and commerce, in violation of 815 ICFA 505/1, *et seq.*

261.    Bosch engaged in deceptive trade practices in violation of the ICFA by failing to disclose and actively concealing the risks posed by the defective Microwave/Ovens and the eventual leaking that was known to occur.

262.    Bosch violated the ICFA and Section 2 of the UDTPA by representing that its Microwave/Ovens have characteristics or benefits that they do not have and that the Microwave/Ovens "are of a particular standard, quality or grade" when they are of another.  815 ILCS § 505/2; 815 ILCS § 510/2(7).

263.    Bosch advertised the Microwave/Ovens with intent not to sell them as advertised, in violation of 815 ILCS § 505/2 and 815 ILCS § 510/2(9).

264.    Bosch engaged in fraudulent and/or deceptive conduct which creates a likelihood of confusion or of misunderstanding in violation of 815 ILCS § 505/2; 815 ILCS § 510/2(3).

265.    Bosch has known of the defective Microwave/Ovens since at least 2016, when it began receiving hundreds of complaints of failing Microwave/Ovens. However, Bosch continued to allow unsuspecting purchasers to buy the Microwave/Ovens and allowed them to continue using the Microwave/Ovens, knowing they would eventually dim, fail, and render the Microwave/Ovens unusable.

266.    Bosch owed Plaintiff and Illinois Subclass Members a duty to disclose the true durability and reliability of the defective Microwave/Ovens because Bosch: (a) possessed exclusive knowledge of the dangers and risks posed by the foregoing; (b) intentionally concealed the foregoing from Plaintiffs; and/or (c) made incomplete representations about the durability and reliability of the foregoing generally, while withholding material facts from Plaintiffs and Class Members that contradicted these representations.

267.    Bosch intended that Plaintiff and Illinois Subclass Members would, in the course of their decision to expend monies in purchasing or repairing the Microwave/Ovens, reasonably rely upon the misrepresentations, misleading characterizations, warranties and material omissions concerning the quality of the Microwave/Ovens with respect to materials, workmanship, design and/or manufacture.

268.    Bosch's failure to disclose and active concealment of the dangers and risks posed by the defective Microwave/Ovens were material to Plaintiff and Illinois Subclass Members and any reasonable consumer would have considered those facts important in deciding whether to purchase a product. A microwave or oven made by a reputable manufacturer of durable and reliable Microwave/Ovens is worth more than an otherwise comparable products made by a disreputable manufacturer of defective Microwave/Ovens that conceals defects rather than promptly remedies them.

269.    Bosch's misrepresentations, concealment, omissions and other deceptive conduct were likely to deceive and cause misunderstanding and/or in fact caused Plaintiffs and other Illinois Subclass Members to be deceived about the reliability and durability of the Microwave/Ovens, and that such the Microwave/Ovens would be backed by both express and implied warranties that would in fact be honored by Bosch.

270.    Although Bosch and its agents were aware that the Microwave/Ovens were defective at the time that Plaintiffs and Illinois Subclass Members purchased them, Bosch refused to provide a fix for the Defect, free of charge, as to comply with the terms of its written warranty and prevent the damages described herein.

271.    Plaintiff and Class Members reasonably relied on Bosch's misrepresentations and omissions and expected that the Microwave/Ovens would not be defective, such that it would render the Microwave/Ovens unusable and not fit for their ordinary use. Further, Plaintiffs and Illinois Subclass Members reasonably expected

Bosch would honor its warranty obligations as represented to them, or otherwise repair or replace a known defective part, at the time they purchased their Microwave/Ovens.

272.    The conduct of Bosch offends public policy as established by statutes and common law; is immoral, unethical, oppressive and/or unscrupulous and caused avoidable and substantial injury to Plaintiffs and Illinois Subclass Members (who were unable to have reasonably avoided damages through no fault of their own) without any countervailing benefits to consumers.

273.    Plaintiff and Illinois Subclass Members have been damaged as a proximate result of Bosch's violations of the ICFA and have suffered damages as a direct and proximate result of purchasing defective Microwave/Ovens.

274.    As a direct and proximate result of Bosch's violations of the ICFA, as set forth above, Plaintiffs and the Illinois Subclass Members have suffered ascertainable loss of monies, caused by Bosch's misrepresentations and failure to disclose material information and refusal to provide effective cost-free repairs pursuant to its warranty and the average useful life of a Microwave/Oven.

275.    Had they been aware of the Defect in the Microwave/Ovens, Plaintiff and Class Members either would have paid less for their Microwave/Ovens or would not have purchased them at all. Plaintiffs and Illinois Subclass Members did not receive the benefit of their bargain as a result of Bosch's misconduct.

276.    Plaintiff and Illinois Subclass Members are therefore entitled to relief, including restitution, actual damages, treble damages, punitive damages, costs and attorney's fees, under sections 815 ILCS 505/10a of the ICFA. Plaintiffs and Class Members are also entitled to injunctive relief, seeking an order enjoining Bosch's unfair and/or deceptive acts or practices.

277.    Should Bosch not be enjoined from its unfair and/or deceptive acts or practices, Plaintiff and Illinois Subclass Members will face the likelihood of future

irreparable harm by purchasing another Microwave/Oven with the same Defect, or having their Control Panel repaired with another defective Control Panel.

## NINTH CLAIM FOR RELIEF
### COLORADO CONSUMER PROTECTION ACT,
### Colo. Rev. Stat. §§ 6-1-101, *et seq.*
### (Plaintiff Amanda Carlton individually and on behalf of
### the Colorado Class)

278.   Plaintiffs hereby adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

279.   This claim is brought individually under the laws of Colorado and on behalf of a Colorado Subclass.

280.   Bosch is a "person" as defined by Colo. Rev. Stat. § 6-1-102(6).

281.   Bosch engaged in "sales" as defined by Colo. Rev. Stat. § 6-1-102(10).

282.   Plaintiff Carlton and Colorado Subclass Members, as well as the general public, are actual or potential consumers of the products offered by Bosch or successors in interest to actual consumers.

283.   Bosch engaged in deceptive trade practices in the course of its business, in violation of Colo. Rev. Stat. § 6-1-105(1), including:

(a)   Knowingly making a false representation as to the characteristics of the Microwave/Ovens;

(b)   Representing the Microwave/Ovens are of a particular standard, quality, or grade, though Bosch knew or should have known that there were or another;

(c)   Advertising warranty services with intent not to sell them as advertised; and

(d)   Failing to disclose material information concerning its Microwave/Ovens which was known at the time of an advertisement or sale when the failure to disclose the information was intended to induce the consumer to enter into the transaction.

Bosch's deceptive trade practices include:

    (a)    Failing to design, manufacture, and sell Microwave/Ovens that are safe, usable, and operate properly;

    (b)    Failing to recall the Control Panels or provide proper repair after it was on notice of the Defect;

    (c)    Misrepresenting that it's Microwave/Ovens were free of defects;

    (d)    Misrepresenting that it would comply with its warranties; and

    (e)    Omitting, suppressing, and concealing the material fact that its Microwave/Ovens were defective, that it's Control Panels would eventually dim or fail, or that the Defect has been known to Bosch for years.

284. Bosch's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy and safety of these very expensive Microwave/Ovens.

285. Bosch's representations and omissions were material because they were likely to deceive reasonable consumers, including Plaintiffs and the Colorado Subclass Members, that they should purchase the Microwave/Ovens and do so along with custom built cabinetry.

286. Bosch intended to mislead Plaintiff and Colorado Subclass Members and induce them to rely on its misrepresentations and omissions.

287. Had Bosch disclosed to Plaintiffs and the Colorado Subclass Members that its Microwave/Ovens were defective, Plaintiffs and Class Members would not have purchased them or would have paid substantially less for them.

288. Accordingly, because Bosch held itself out as being a superior manufacturer of kitchen appliances and made representations regarding the quality and durability of the Microwave/Ovens, Plaintiffs, and the Colorado Subclass Members acted reasonably in relying on Bosch's misrepresentations and omissions, the truth of which they could not have discovered.

289.   Bosch acted intentionally, knowingly, and maliciously to violate Colorado's Consumer Protection Act, and recklessly disregarded Plaintiff and Subclass Members' rights.

290.   As a direct and proximate result of Bosch's deceptive trade practices, Colorado Subclass Members suffered injuries to their legally protected interests.

291.   Bosch's deceptive trade practices significantly impact the public, because all members of the public are possible purchasers of the Microwave/Ovens, and they may continue to be susceptible to buying these products without understanding that they are defective and unsafe for purchase and use.

292.   Plaintiff and Colorado Subclass Members seek all monetary and non-monetary relief allowed by law, including the greater of: (a) actual damages, or (b) $500, or (c) three times actual damages (for Bosch's bad faith conduct); injunctive relief; and reasonable attorneys' fees and costs.

293.   Should Bosch not be enjoined from its unfair and/or deceptive acts or practices, Plaintiffs and Colorado Subclass Members will face the likelihood of future irreparable harm by purchasing another Microwave/Oven with the same Defect, or having their Control Panel repaired with another defective Control Panel.

## TENTH CLAIM FOR RELIEF
### Violation of Florida's Deceptive and Unfair Trade Practices Act
### Fla. Stat. § 501.201 *et seq.*
### (Plaintiff Michele O'Dell individually and on behalf of the Florida Class)

294.   Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

295.   This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* The stated purpose of this Act is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." *Id.* § 501.202(2).

296.   Plaintiff and Florida Subclass Members are "consumers" and the

transactions at issue in this Complaint constitute "trade or commerce" as defined by FDUTPA. *See id.* § 501.203(7)-(8).

297.    FDUTPA declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 501.204(1).

298.    Bosch manufactures, distributes, markets, advertises and sells the Microwave/Ovens.   The Microwave/Ovens are "goods" within the meaning of FDUTPA.

299.    For the reasons discussed herein, Bosch violated and continues to violate FDUTPA by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute §501.201, *et seq.*   Bosch's acts and practices, including its omissions, described herein, were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

300.    Bosch engaged in the following unconscionable, unfair, deceptive, and unconscionable practices:

(a)    Bosch manufactured, distributed, marketed, advertised and sold the Microwave/Ovens with the Defect, which was present at the point of sale;

(b)    Bosch knew or should have known of the Defect and failed to disclose or concealed the Defect from consumers;

(c)    Bosch knew the Defect within the Microwave/Ovens was unknown to consumers, and would not be easily discovered by Plaintiff and putative Class Membes, and would defeat their ordinary, foreseeable and reasonable expectations concerning the performance of the Microwave/Ovens;

(d)    Bosch warranted that the Microwave/Ovens as free from defects when the Microwave/Ovens contained a Defect; and

CLASS ACTION COMPLAINT

(e)    Bosch represented to consumers, including Plaintiff and Class Members, that the Microwave/Ovens is safe and fit for the use for which they were intended, both before and after consumers complained of the Defect.

301.    Bosch warranted and represented that the Microwave/Ovens were free from defects in materials and workmanship and suitable for their intended use. However, the Microwave/Ovens contain a Defect rendering it unsafe and unusable, including when used for its intended purpose.

302.    Bosch had exclusive knowledge of material facts concerning the Defect, including that it was defective, unsafe, and unusable, including when used for its intended purpose.

303.    Bosch knew, by at least 2016, at least 2 years before Plaintiff purchased her Microwave/Oven, that the Microwave/Ovens suffered from the Defect, and was not suitable for its intended use.

304.    Despite Bosch's exclusive knowledge of material facts concerning the existence of the Defect in the Microwave/Ovens, Bosch actively concealed the Defect from consumers by failing to disclose the Defect to consumers and retailers.

305.    Despite Bosch's exclusive knowledge of material facts concerning the existence of the Defect in the Microwave/Ovens, Bosch denied the existence of the Defect to consumers complaining about the Defect or otherwise misled them.

306.    Plaintiff purchased the Microwave/Ovens after performing research and ensuring that the Microwave/Ovens were quality products, suitable for cooking and heating food. Specifically, Plaintiff purchased the Microwave/Ovens based on Bosch's representations that the Microwave/Ovens were of high quality. Plaintiff was unaware of the Defect at the time she purchased the Microwave/Ovens and had no reason to know of the Defect at that time.

307.    Based on brand name and the price of the Microwave/Ovens, Plaintiff also believed the Microwave/Ovens would last longer than just three years, and expected Bosch would repair or replaced the Microwave/Ovens with non-defective

Microwave/Ovens if it failed.

308.   Bosch's practices described herein were likely to deceive, and did deceive, consumers acting reasonably under the circumstances.  Consumers, including Plaintiff and Florida Subclass Members, would not have purchased the Microwave/Ovens, or would have paid less for it, had they known that the Microwave/Ovens contained the Defect.

309.   Bosch's violations described herein present a continuing risk to Plaintiff and the general public.  Bosch's unlawful acts and practices complained of herein affect the public interest.

310.   As a result of Bosch's misconduct, Plaintiff and Florida Subclass Members have been harmed and suffered actual damages in that the Microwave/Ovens have a serious safety Defect, causing inconvenience, and other risks when cooking food, cleaning and handling the Microwave/Ovens.

311.   As a direct and proximate result of Bosch's unfair or deceptive acts or practices, Plaintiff and Florida Subclass Members have been damaged, and are entitled to recover actual damages to the extent permitted by law, including class action rules, in an amount to be proven at trial.

312.   Plaintiff seeks an order enjoining Bosch's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Florida UDTPA and applicable law.

313.   Should Bosch not be enjoined from its unfair and/or deceptive acts or practices, Plaintiffs and Florida Subclass Members will face the likelihood of future irreparable harm by purchasing another Microwave/Oven with the same Defect, or having their Control Panel repaired with another defective Control Panel.

## **PRAYER FOR RELIEF**

CLASS ACTION COMPLAINT

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that this Court:

A. Certify the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Name Plaintiffs as Class Representatives of the respective Classes;

C. Name Plaintiffs' counsel as Class Counsel for the Classes;

D. Award damages, including compensatory, exemplary, and statutory damages, to Plaintiffs and the Classes in an amount to be determined at trial;

E. Grant restitution to Plaintiffs and the Classes and require Bosch to disgorge its ill-gotten gains;

F. Permanently enjoin Bosch from engaging in the wrongful and unlawful conduct alleged herein;

G. Award Plaintiffs and the Classes their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

H. Award Plaintiffs and the Classes pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

I. Award such further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:  August 17, 2021                    Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP**

/s/ Alex Straus
Alex Straus (SBN 321366)
astraus@milberg.com
280 S. Beverly Drive, Ste. PH
Beverly Hills, CA 90212
Telephone: (917) 471-1894

CLASS ACTION COMPLAINT

Facsimile: (310) 496-3176

Harper T. Segui*
825 Lowcountry Blvd., Suite 101
Mount Pleasant, SC 29464
T: 919-600-5000
hsegui@milberg.com


Rachel Soffin*
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rsoffin@milberg.com

Erin Ruben*
900 W. Morgan St.
Raleigh, NC 27603
T: 865-247-0080
F: 865-522-0049
eruben@milberg.com


*Motion to be admitted *pro hac vice* forthcoming.

CLASS ACTION COMPLAINT