M. Ray Hartman III, Bar No. 211205
RHartman@perkinscoie.com
**PERKINS COIE LLP**
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Tel.: 858.720.5700
Fax: 858.720.5799

Christopher M. Ledford, Bar No. 255902
CLedford@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel.: 206.359.8000
Fax: 206.359.9000

*[additional attorneys listed below signature block]*

Attorneys for Defendant
BSH HOME APPLIANCES CORPORATION
d/b/a BOSCH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA HIRSCH, PRASANNA RAMAKRISHNAN, AMANDA CARLTON, and MICHELE O'DELL, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>BSH HOME APPLIANCES CORPORATION d/b/a BOSCH,<br><br>        Defendant. | Case No. 8:21-CV-01355-CJC-DFM<br><br>ORDER ON **STIPULATED PROTECTIVE ORDER** |

156005252 3

**1. PURPOSES AND LIMITATIONS**

A. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Prasanna Ramakrishnan, Amanda Carlton, and Michelle O'Dell ("Plaintiffs") and Defendant BSH Home Appliances Corporation (collectively, the "Parties"), hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>Good Cause Statement</u>. This action is likely to involve confidential and proprietary materials and information including, confidential or competitively sensitive business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling

-1-

at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

2.1     <u>Action</u>: This pending federal lawsuit entitled *Hirsch, et al. v. BSH Home Appliances Corporation D/B/A Bosch*, Case No. 8:21-CV-01355-CJC-DFM.

2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith contain: (1) trade secrets as that term is defined in 18 U.S.C. § 1839(3); (2) non-public communications with regulators or governmental bodies that are protected from disclosure by statute or regulation; (3) information reflecting non-public business or financial information and/or confidential competitive information that, if disclosed, could result in competitive harm to the Designating Party; (4) information subject to federal or state privacy rights; or (5) any other information that is otherwise protectable under federal or applicable state law.

2.4     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or

-2-

1   generated in disclosures or responses to discovery in this matter.

2       2.7   Effective Date: the date on which this Stipulated Protective Order has

3   been signed by the Outside Counsel of Record for all Parties.

4       2.8   Expert: a person with specialized knowledge or experience in a matter

5   pertinent to the litigation who has been retained by a Party or its counsel to serve as

6   an expert witness or as a consultant in this action.

7       2.9   House Counsel: attorneys who are employees of a party to this action

8   (as well as their support staff). House Counsel does not include Outside Counsel of

9   Record or any other outside counsel.

10      2.10  Non-Party: any natural person, partnership, corporation, association, or

11  other legal entity not named as a Party to this action.

12      2.11  Outside Counsel of Record: attorneys who are not employees of a party

13  to this action but are retained to represent or advise a party to this action and have

14  appeared in this action on behalf of that party.

15      2.12  Party: any party to this action, including all its officers, directors,

16  employees, consultants, retained experts, and Outside Counsel of Record (and their

17  support staffs).

18      2.13  Producing Party: a Party or Non-Party that produces Disclosure or

19  Discovery Material in this action.

20      2.14  Professional Vendors: persons or entities that provide litigation support

21  services (e.g., photocopying, videotaping, translating, preparing exhibits or

22  demonstrations, and organizing, storing, or retrieving data in any form or medium)

23  and their employees and subcontractors.

24      2.15  Protected Material: any Disclosure or Discovery Material that is

25  designated as "CONFIDENTIAL."

26      2.16  Receiving Party: a Party that receives Disclosure or Discovery Material

27  from a Producing Party.

28

-3-

**3.      SCOPE**

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.   However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.      DURATION**

The Parties agree that the terms of this Stipulated Protective Order shall take effect, and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order, on the date the stipulation is signed by counsel for all parties (the "Effective Date"). The protections conferred by this Stipulated Protective Order, including the provisions governing the access to and use of Protected Material, shall apply to all information and documents designated as "CONFIDENTIAL," even if such items are exchanged prior to the Court's entry of the Order.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.   Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and

-4-

exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection under this Order, that Designating Party must notify all other Parties in writing that it is withdrawing the mistaken designation.  Information or items that a Designating Party so identifies in writing as not being subject to protection under this Order shall no longer be treated as Protected Material.

5.2    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the following legend:

> **CONFIDENTIAL**: Subject to Protective Order
> in Case No. 8:21-CV-01355-CJC-DFM

STIPULATED PROTECTIVE ORDER

156005252 3

(hereinafter the "'CONFIDENTIAL' Legend") to the document.  If only a portion or portions of a document is designated confidential, the Producing Party shall clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must affix the "CONFIDENTIAL Legend" to the documents, as described in the preceding Section 5.2(a)

(b)    Within 30 days after receiving a deposition transcript, a party may inform the other Parties if the transcript or portions of it are designated as "CONFIDENTIAL."  All persons and Parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the "CONFIDENTIAL Legend."

(d)    If a document containing Protected Material is produced in native format, the file name shall contain the term "CONFIDENTIAL" or otherwise clearly indicate that it contains information subject to this Protective Order.

5.3    <u>Inadvertent Failure to Designate.</u>  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon notification of a designation, the Receiving Party must make reasonable efforts to

-6-

1   assure that the material is treated in accordance with the provisions of this Order.

2   **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

3       6.1    <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a

4   designation of confidentiality at any time.   Unless a prompt challenge to a

5   Designating Party's confidentiality designation is necessary to avoid foreseeable,

6   substantial unfairness, unnecessary economic burdens, or a significant disruption or

7   delay of the litigation, a Party does not waive its right to challenge a confidentiality

8   designation by electing not to mount a challenge promptly after the original

9   designation is disclosed.

10      6.2    <u>Meet and Confer.</u>   The Challenging Party shall initiate the dispute

11  resolution process under Local Rule 37-1 et seq. by providing written notice of each

12  designation it is challenging.   To avoid ambiguity as to whether a challenge has been

13  made, the written notice must recite that the challenge to confidentiality is being

14  made in accordance with this specific paragraph of the Stipulated Protective Order.

15  The Parties shall attempt to resolve the challenge in good faith and must begin the

16  process by conferring within ten (10) days of the date of service of notice.   In

17  conferring, the Challenging Party must explain the basis for its belief that the

18  confidentiality designation was not proper and must give the Designating Party an

19  opportunity to review the designated material, to reconsider the circumstances, and,

20  if no change in designation is offered, to explain the basis for the chosen designation.

21  A Challenging Party may proceed to the next stage of the challenge process only if it

22  has engaged in this meet and confer process first or if the Challenging Party

23  establishes that the Designating Party is unwilling to agree to a reasonable date for

24  the conference within ten (10) days of the date of service of notice.

25      6.3    <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without

26  court intervention, the Challenging Party shall prepare the moving papers for a

27  motion to retain confidentiality in compliance with Local Rule 37. The burden of

28  persuasion in any such challenge proceeding shall be on the Designating Party.

STIPULATED PROTECTIVE ORDER

156005252 3

6.4     Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenges.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party, including any officers, directors, and employees (including House Counsel) of the Receiving Party;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have agreed in writing to be bound by this Protective Order;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have agreed in writing to be bound by this Protective Order, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.     PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a)     promptly notify the Designating Party in writing.  Such notification shall include a copy of the subpoena or other process or order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this

-10-

court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to

object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    <u>Filing Protected Material.</u>    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(f) unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

Within sixty (60) days of any written request, made after the termination of this Litigation, including appeals, the Party to whom the Protected Material was produced shall either: (1) return all such Protected Material and all copies, portions, excerpts, and extracts (excluding excerpts or extracts incorporated into any privileged memoranda) to the Designating Party; or (2) provide the Designating Party with a written certification, that all Protected Information provided to them, as well as all Protected Material they provided to others, has, to the best of their knowledge, been destroyed.  To the extent it is not reasonably possible to destroy or return certain Protected Material in the possession of a Receiving Party — *e.g.*, some Protected Material was attached to an email — such Receiving Party agrees to maintain the confidentiality of such Protected Material and shall provide a written certification to that effect.

1   Notwithstanding this Section 13, Counsel are entitled to retain an archival copy
2   of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
3   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
4   work product, and consultant and expert work product, even if such materials contain
5   Protected Material.  Any such archival copies that contain or constitute Protected
6   Material remain subject to this Stipulated Protective Order as set forth in Section 4.

7   The Court shall retain jurisdiction following termination of this action for the
8   purpose of enforcing any provisions of this Order.

9   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

10

11   DATED:  September 6, 2022        **PERKINS COIE LLP**

12

13                                        By:*/s/ Christopher M. Ledford*
14                                            Christopher Ledford, Bar No. 255902
                                             CLedford@perkinscoie.com
15                                           M. Ray Hartman III, Bar No. 211205
                                             RHartman@perkinscoie.com
16                                           Elliott J. Joh, Bar No. 264927
                                             ejoh@perkinscoie.com
17                                           Jasmine Wetherell, Bar No. 288835
                                             JWetherell@perkinscoie.com
18

19

20   Attorneys for BSH HOME APPLIANCES
     CORPORATION D/B/A/ BOSCH
21

22

23

24

25

26

27

28

-13-

STIPULATED PROTECTIVE ORDER

156005252.3

1

2

DATED:  September 6, 2022

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP**

3

4

5

By: /s *Harper T. Segui*
    Harper T. Segui
    hsegui@milberg.com

6

7

8

Attorneys for Plaintiffs
PRASANNA RAMAKRISHNAN,
AMANDA CARLTON, and
MICHELLE O'DELL, on behalf of
themselves and all other similarly
situated.

9

10

11

12

        Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all signatories listed, and
on whose behalf the filing is submitted, concur in the filing's content and have
authorized the filing.

13

14

Dated: September 6, 2022

By:  /s/ *Christopher M. Ledford*

15

16

17

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

18

19

20

Dated: September 8, 2022

Hon. Douglas F. McCormick
United States Magistrate Judge

21

22

23

24

25

26

27

28

-14-

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Hirsch v. BSH Home Appliances Corporation D/B/A Bosch*, Case No. 8:21-CV-01355-CJC-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

156005252 3